## United States Bankruptcy Court
District of Maryland

In re   Diane L. Kane                                                  Case No.   **18-10039**
                          Debtor(s)                                    Chapter    **7**

## MOTION TO RECONSIDER ORDER DIRECTING DEBTOR'S COUNSEL TO REFUND ALL FEES

1. Debtor Diane L. Kane commenced this case on January 2, 2018 by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.

2. Counsel was ordered to comply with Local Bankruptcy Rule 2016-1(b) by filing a disclosure statement within 14 days and failed to do so.

3. Counsel apologizes to this Honorable Court for his failure to comply. Counsel has worked diligently since retaining client and to date debtor is very happy with the services counsel has provided such as stopping her garnishment In addition, debtor remains excited that she will recoup funds garnished within 90 days of filing. In addition, debtor just submitted intake form and supporting documents today so that counsel make file all outstanding schedules along with a response to the Show Cause Order. Counsel has been filing bankruptcy cases in the District of Maryland since 2010 and up until approximately October 2017 has never had issues with filing the compensation in compliance with the deadline. It is only recently that counsel has been filing compensation statements after the initial filing of the chapter 7 petition. Counsel has done so because of the changes to his retainer which no longer match the default language in the Best-Case software counsel utilizes. Consequently, for the past few months counsel has had to manually edit and prepare each compensation statement and unfortunately due to time constraints fell behind in doing so. Counsel has been mindful over the past few months that he needed to manually update the software language to reflect his revised retainer. Unfortunately, due to the volume of cases and uncertainty of how to edit the software language counsel had not done so yet. Instead, counsel relied on preparing each compensation statement on a case by case basis. This approach is not good use of time management and has resulted in counsel filing compensation statements sometimes very close to the deadline. As a result of this Order, counsel is now taking the time to update his software manually so that going forward compensation statements can be filed automatically at time of original petition as counsel had done since first being admitted to this Honorable Court on or around July 2010. This corrective measure will solve the problem of compensation statements not being filed in a timely manner. Counsel is without excuse, as regardless of the difficulty, counsel is charged with complying with the Local Bankruptcy Rules. However, counsel does pray this explanation will be considered. Moreover, counsel implores this Honorable Court to consider that from 2010 to late 2017 there have been no compliance issues regarding the filing of compensation statements and going forward counsel will be diligent not to let this happen again.

4. Counsel has attached the compensation statement to this motion and respectfully ask for consideration of said document.

5. WHEREFORE, Counsel prays for an Order to allow counsel to retain all fees for legal services, filing fees, credit report fee, etc. and/or for such additional or alternative relief as may be just and proper.

Dated:   **January 25, 2018**                                    /s/Wardell Huff, Esq.
                                                                 **Wardell Huff**